| | |
|---|---|
| Matthew Borden, Esq. (SBN: 214323)<br>borden@braunhagey.com<br>BRAUNHAGEY & BORDEN LLP<br>351 California Street, 10th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 599-0210<br>Facsimile: (415) 276-1808<br><br>Molly M. Jamison, Esq. (*pro hac vice forthcoming*)<br>jamison@braunhagey.com<br>Eric S. Schlabs, Esq. (*pro hac vice forthcoming*)<br>schlabs@braunhagey.com<br>Marissa R. Benavides, Esq. (*pro hac vice forthcoming*)<br>benavides@braunhagey.com<br>BRAUNHAGEY & BORDEN LLP<br>118 W. 22nd Street, 12th Floor<br>New York, NY 10011<br>Telephone: (646) 829-9403<br>Facsimile: (646) 829-9403<br><br>ATTORNEYS FOR SANDRA OLSON AND GLOBAL FINANCIAL IMPACT, LLC | Troy A. Valdez (SBN 191478)<br>troy.valdez@us.dlapiper.com<br>Tom Lin (SBN 319911)<br>tom.lin@us.dlapiper.com<br>Emily R. Margolis (SBN 324089)<br>emily.margolis@us.dlapiper.com<br>DLA PIPER LLP (US)<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105-2933<br>Tel.: 415.836.2500<br>Fax: 415.836.2501<br><br>John S. Gibson (SBN 140647)<br>john.gibson@us.dlapiper.com<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars, Suite 400<br>Los Angeles, CA 90067-4735<br>Tel.: 310.595.3000<br>Fax: 310.595.3300<br><br>ATTORNEYS FOR WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC<br><br>(additional counsel listed on next page) |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA OLSON, an individual; and GLOBAL FINANICIAL IMPACT, LLC, a Wyoming limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC, an Iowa limited liability company; and DOES 1-10 inclusive<br><br>Defendant. | Case No. 5:24-cv-00477-EJD<br><br>(Assigned to Hon. Edward J. Davila)<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Hearing Date: May 9, 2024<br>Time: 10:00 a.m.<br>Courtroom: 4<br><br>Action Filed: January 25, 2024 |

|   |   |
|---|---|
| 1 | |
| 2 | Julie G. Cooker (SBN 319530) |
| | julie.cooker@us.dlapiper.com |
| 3 | DLA PIPER LLP (US) |
| | 4365 Executive Drive, Suite 1100 |
| 4 | San Diego, CA 92121-2133 |
| | Tel.: 858.677.1400 |
| 5 | Fax: 858.677.1401 |
| 6 | |
| | Michael D. Hynes (*pro hac vice forthcoming*) |
| 7 | michael.hynes@us.dlapiper.com |
| | Jamie Brensilber (*pro hac vice forthcoming*) |
| 8 | jamie.brensilber@us.dlapiper.com |
| | DLA PIPER LLP (US) |
| 9 | 1251 Avenue of the Americas, Suite 2700 |
| | New York, NY 10020-1104 |
| 10 | Tel.: 212.335.4500 |
| | Fax: 212.335.4501 |
| 11 | |
| 12 | Ellen E. Dew (*pro hac vice forthcoming*) |
| | ellen.dew@us.dlapiper.com |
| 13 | Meagan Pace (*pro hac vice forthcoming*) |
| | meagan.pace@us.dlapiper.com |
| 14 | DLA PIPER LLP (US) |
| | 650 S. Exeter Street, Suite 1100 |
| 15 | Baltimore, MD 21202-4576 |
| | Tel.: 410.580.3000 |
| 16 | Fax: 415.580.3001 |
| 17 | |
| 18 | ATTORNEYS FOR WORLD FINANCIAL |
| | GROUP INSURANCE AGENCY, LLC |
| 19 | |

The parties to the above-entitled action submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, in advance of the May 9, 2024 case management conference.

**1.     Jurisdiction and Service**

The Parties do not dispute that the case is in the proper jurisdiction and venue, and the Defendant has been served.

**2.     Facts**

Plaintiffs' Statement

Plaintiff Sandra Olson is a former agent at Defendant WFG, a multi-level marketing insurance agency. As with other agents, WFG required that Mrs. Olson sign an agreement containing several restrictive covenants within its Agency Agreement, including Sections 2.15, 2.16 and 2.17 (the "Restrictive Covenant"). As drafted, the Restrictive Covenant acts as a de facto non-compete to prevent Mrs. Olson from competing with WFG or recruiting any current or former WFG agents.

After she became disillusioned with WFG's policies, including its refusal to allow her husband, Eric Olson, to transfer his code to her as WFG's policy had allowed, Mrs. Olson resigned from the company in October 2023. She then started a new business, Plaintiff Global Financial Impact, LLC ("GFI"), with the intention of selling insurance products and competing with WFG. To compete with WFG, GFI needs to recruit agents to sell insurance products in California, and a primary function of Mrs. Olson's job at GFI is to recruit agents. After WFG learned of Mrs. Olson's new business, it fired her husband Mr. Olson in January 2024. WFG then sued Mrs. and Mr. Olson seeking to enforce the Restrictive Covenant and to prevent GFI from being able to compete with WFG. WFG has since engaged in a pattern of threatening other agents to prevent them from joining GFI and seeking to prevent GFI from being able to compete. Mrs. Olson and GFI filed suit for a declaratory judgment that the Restrictive Covenant is not enforceable, along with claims for unfair competition, violation of Section 16600, and conversion for the return of the value of his business.

WFGIA's Statement

Defendant World Financial Group Insurance Agency, LLC ("WFGIA") is an insurance agency that provides a business platform for individuals who wish to operate their own financial services business. Mrs. Olson signed an agreement with WFGIA, which contained a non-solicitation provision (§ 2.15), a confidentiality provision (§ 2.16), and a non-disparagement provision (§ 2.17). She also signed a mandatory arbitration agreement, which she reaffirmed as recently as recently as April 2023. Upon her resignation, Mrs. Olson created GFI, with her husband, with the express purpose of competing with WFGIA, which she did through poaching insurance agents through the use of disparaging statements and WFGIA's confidential information. Mrs. Olson, along with her husband, has wrongfully used WFGIA's confidential information to create GFI, taking insurance agent lists, hierarchies, and compensation information, using this confidential information to target specific teams. She and her husband have employed an Anchor Leg strategy (as described in the First Amended Complaint in the related action, No. 24-cv-00480-EJD) to recruit spouses of high-performing insurance agents, while the high-performing insurance agents remain at WFGIA to spread misinformation, take WFGIA confidential information, and unlawfully recruit insurance agents. Mrs. Olson and GFI improperly bring this lawsuit to preempt WFGIA's lawsuit before this Court (No. 24-cv-00380) and the United States District Court for the District of Wyoming. This case is not properly before this court, given Mrs. Olson's mandatory arbitration agreement, and Plaintiffs' First Amended Complaint does not prey for preliminary injunctive relief but rather permanent relief. To the extent Mrs. Olson now claims she is seeking preliminary injunctive relief, the balance of her claims following any ruling on preliminary injunctive relief must be arbitrated.

**3.     Legal Issues**

The Parties dispute the following issues of law:

    a. Whether WFG's Restrictive Covenant is void under Cal. Bus. & Prof. Code Section 16600;

    b. Whether WFG is entitled to enforce its contractual restraints against Plaintiff Mrs. Olson;

    c. Whether Plaintiff breached the contractual restraints;

    d. Whether Defendant has engaged in unfair competition in violation of Cal. Bus. & Prof. Code Section 17200;

    e. Whether Defendant tortiously interfered with Ms. Olson and GFI's ability to recruit agents and GFI expected economic benefits;

    f. The amount of damages Ms. Olson and GFI are entitled to receive;

    g. Whether Defendant acted with oppression, fraud or malice justifying punitive damages;

    h. Whether GFI has standing to bring its UCL claim based on contracts to which it is not a party;

    i. Whether each of GFI's claims also fail to meet Article III standing requirements based on speculative injury not fairly traceable to WFGIA's conduct;

    j. Whether GFI has stated a claim for a violation of California Business & Professions Code section 17200;

    k. Whether Plaintiffs' claims are subject to mandatory arbitration pursuant to the terms of the Agent Agreement;

    l. Whether the claims alleged should be dismissed or stayed pending arbitration;

    m. Whether WFG's arbitration clauses in the various iterations of its Agent Agreement that apply to Defendants are unconscionable or otherwise unenforceable.

**4. Motions**

WFG has moved to compel arbitration of Plaintiffs' claims. (Dkt. 23.) That motion is fully briefed and set for hearing on May 2, 2024. WFGIA has also moved to dismiss GFI's claims. (Dkt. 24.) That motion is also fully briefed and set for hearing on May 2, 2024. Plaintiffs filed a motion to consolidate this action with two other related cases, *World Financial Group Insurance Agency, LLC v. Olson et al.*, No. 5:24-cv-00480-EJD; and *Olson v. World Financial Group Insurance Agency, LLC, Robbie Day, and DOES 1-10*, No. 5:24-cv-00481-EJD. (Dkt. 28.) That motion is fully briefed and set for hearing on May 30, 2024. There are no other pending motions in this action.

Plaintiffs anticipate filing a motion for preliminary injunctive relief and for summary judgment.

### 5.   Amendment of Pleadings

Plaintiffs anticipate that they may amend the pleadings to add additional Defendants. Because discovery has not yet commenced in this case, Plaintiffs anticipate needing time to identify potential additional Defendants and to further investigate before determining whether additional amendments are necessary. To the extent Plaintiffs are able to promptly investigate, Plaintiffs will make any anticipated amendments on or before October 1, 2024.

### 6.   Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence. Plaintiffs have confirmed that they have taken efforts to preserve relevant documents. WFGIA has also confirmed that it has taken efforts to preserve relevant documents.

### 7.   Disclosures

No party has served initial disclosures to date.

<u>Plaintiff's Statement</u>: Plaintiffs are prepared to produce initial disclosures in accordance with Rule 26.

<u>WFGIA's Statement</u>:  Because all of Mrs. Olson's claims asserted in this case must be submitted to binding arbitration, as indicated in WFGIA's Motion to Compel Arbitration, it is WFGIA's position that initial disclosures should not be submitted until the Court has ruled on the pending Motion to Compel Arbitration.

### 8.   Discovery

The Parties are currently engaged in initial expedited discovery efforts that WFG stipulated to on March 8, 2024 in the related case 5:24-cv-00480. Plaintiffs have served on WFG limited Requests for Production and Interrogatories and has issued subpoenas to relevant individuals who submitted declarations in support of WFG's motion for a temporary restraining order.

     Plaintiffs' Position:  Plaintiffs expect they will seek discovery on topics including, but not limited to, the following: WFG's purported cancellation of its policies allowing agents to transfer or sell their businesses, WFG's treatment of Ms. Olson, WFG's policies and procedures in enforcing the Restrictive Covenant in its Agent Agreement; WFG's efforts to enforce the Restrictive Covenant against Plaintiffs; WFG's efforts to threaten, retaliate and/or prevent WFG agents from leaving WFG and/or joining GFI; WFG's efforts to impede competition from GFI and its efforts to prevent agents from leaving WFG to join GFI; and the loss of economic opportunities GFI experienced due to WFG's actions.

     Mrs. Olson intends to bring her own motion for a preliminary injunction. Expedited discovery should not be limited to WFG's forthcoming motion alone but should extend to this case, particularly given that the Olsons have moved for consolidation.

     WFGIA's Position:  The expedited discovery in the related action (5:24-cv-00480) does not require expedited discovery in this action.  To date, there has been no discovery in this action. WFGIA takes the position that discovery is premature given the pending Motion to Compel Arbitration and Motion to Dismiss and should occur in arbitration.

### 9. Class Actions

Plaintiffs are not seeking class certification or other class treatment.

### 10. Related Cases

The Court granted a motion to relate the above-entitled action and *World Financial Group Insurance Agency, LLC v. Olson et al.*, No. 5:24-cv-00480-EJD (N.D. Cal.), as well as *Eric Olson v. World Financial Group Insurance Agency, LLC, et al.*, No.5:24-cv-00481-EJD (N.D. Cal.).WFG has also filed a case in the District of Wyoming: *World Financial Group Insurance Agency, LLC v. Global Financial Impact, LLC*, No. 24-cv-00019-SWS (D. Wyo.), which has not been related.

### 11. Relief

Plaintiffs seek injunctive and declaratory relief to prevent Defendant from enforcing the Restrictive Covenant against Plaintiffs. Plaintiffs also seek compensatory relief as provided under state law, including compensatory and statutory damages, and punitive damages, as well as attorneys' fees and costs.

### 12. Settlement and ADR

The Parties have discussed ADR options and agree that this case may be appropriate for private mediation after a period of discovery has been conducted, in the event the case does not proceed to arbitration.

### 13. Other References

<u>Plaintiffs' Position</u>: At this time, the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

<u>WFGIA's Position</u>:  WFGIA and Mrs. Olson's Mutual Agreement to Arbitrate Claims that Mrs. Olson signed, and reaffirmed as recently as April 2023, requires that all disputes be submitted to binding arbitration.  WFGIA has filed a Motion to Compel Arbitration to enforce Mrs. Olson's contractual obligations and has sent a letter to Mrs. Olson, requesting that the Parties commence arbitration, as required by the Mutual Agreement to Arbitrate Claims.

### 14. Narrowing of Issues

Plaintiffs contend that the most significant issue at this time is the Court's determination of the enforceability of the Restrictive Covenants. This issue is the subject of Mr. Olson's motion to dismiss in the related case (*World Financial Group Insurance Agency, LLC v. Olson et al.*, No. 5:24-cv-00480-EJD (N.D. Cal.), Dkt. 79), as well as Plaintiffs' anticipated motion for preliminary injunctive relief.

WFGIA contends that the most significant issue at this time is whether the case should move to binding arbitration under the pending Motion to Compel Arbitration.

The Parties have no other suggestions at this time for issues that should be expedited but will update the Court after a ruling on the Motion to Compel Arbitration about any further suggestions for how to expedite the presentation of evidence at trial.

### 15. Scheduling

<u>Plaintiffs' Position</u>:  Plaintiffs propose that the Court enter the schedule set forth below.

- Close of Fact Discovery: November 1, 2024
- Affirmative Expert Disclosures: December 13, 2024
- Rebuttal Expert Disclosures: January 31, 2025

- Close of Expert Discovery: February 28, 2025
- Hearing of Dispositive Motions: April 24, 2025
- Final Pretrial Conference: June 5, 2025
- Trial: June 16, 2025 through June 27, 2025

WFGIA's Position:  WFGIA believes scheduling is premature given the pending Motion to Compel Arbitration and Motion to Dismiss.  In the event the Court declines to enforce the Mutual Agreement to Arbitrate Claims and/or does not dismiss the claims against GFI, WFGIA will meet and confer with Plaintiffs regarding an appropriate schedule for this case.

### 16.     Trial

Plaintiffs' Position: Plaintiffs have requested a jury trial. Plaintiffs estimate a trial length of 10 days.

WFGIA's Position:  Mrs. Olson's claims are all subject to binding arbitration and are not properly tried before this Court.  Plaintiff GFI's claims should be dismissed.  However, in the event the Court declines to enforce the Parties' Mutual Agreement to Arbitrate Claims, WFGIA agrees that a jury trial of the claims in this case may take approximately 10 court days.

### 17.     Disclosure of Non-party Interested Entities or Persons

Plaintiffs and WFG have filed Certificates of Interested Entities or Persons required by Civil Local Rule 3-15. (Dkt. 5, 6, 319.)

### 18.     Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19.     Other Matters

At this time, the Parties have no other matters to raise with the Court.

As required by this Court's Standing Order for Civil Cases, the Parties will, to the extent any portion of this case remains pending in this Court, identify and provide appropriate opportunities for junior lawyers to participate actively in the case.

Dated: April 26, 2024

| BRAUNHAGEY & BORDEN LLP | DLA PIPER LLP (US) |
|---|---|
| By:   /s/ *Matthew Borden* | By:   /s/ *Troy A. Valdez* |
|     Matthew Borden |     Troy A. Valdez |
| *Attorneys for Plaintiffs Sandra Olson and Global Financial Impact, LLC* | *Attorneys for Defendant World Financial Group Insurance Agency, LLC* |

### CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

By: _____
Judge Edward J. Davila
United Stated District Court Judge