UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA OLSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC, et al.,<br><br>    Defendants. | Case No.   24-cv-00477-EJD<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>Re: ECF Nos. 64, 66 (No. 24-cv-0077);<br>ECF Nos. 186, 211 (No. 24-cv-00480) |

The Court is in receipt of World Financial Group Insurance Agency, LLC's ("WFG") Motion for Relief from Nondispositive Pretrial Order regarding Magistrate Judge Cousins' May 31, 2024 Order. ECF No. 186, No. 24-cv-00480. On July 5, 2024, Eric Olson and Sandra Olson ("the Olsons") filed an opposition to WFG's motion. ECF No. 196, No. 24-cv-00480. The Court is also in receipt of WFG's Administrative Motion to File a Supplemental Brief in Support of its Motion (ECF No. 64, No. 24-cv-00477; ECF No. 211, No. 24-cv-00480), and the Olsons' opposition to that request (ECF No. 63, No. 24-cv-00477). On July 24, 2024, WFG filed a separate motion for relief under Civil Local Rule 72(a) related to Judge Cousins' July 10, 2024 Order. ECF No. 66, 24-cv-00477.

This Order addresses the above motions.

WFG's request to file a supplemental brief is DENIED. WFG contends that new evidence from Mr. Olson's deposition relates to WFG's arguments in its motion for relief that discovery of documents which pre-date Mr. Olson's termination is proportional to WFG's request for injunctive relief. This request should be raised with Judge Cousins in the form of a motion for

Case No.: 24-cv-00477-EJD
ORDER REGARDING DISCOVERY DISPUTES

1

leave to file a motion for reconsideration under Civil Local Rule 7-9(b)(1), which governs the procedure when "a material difference in fact or law exists" that may impact a prior ruling. The Court will DENY WFG's motion for relief regarding Judge Cousins' ruling on the date range issue without prejudice to file a motion for leave under Civil Local Rule 7-9.[1]

Regarding the second issue raised by WFG in both of its motions for relief from Judge Cousins' rulings regarding the designation of certain documents as "Attorneys' Eyes Only," the Court is persuaded that an AEO designation may hamper WFG's ability to prepare for its preliminary injunction motion because it could prevent WFG from evaluating whether and to what extent the documents reflect WFG's confidential information. However, the Court is cognizant that disclosure of the documents could risk retaliation against current WFG agents identified in the documents. Accordingly, to allow WFG to prepare for its preliminary injunction motion while also ensuring the protection of third parties' privacy interests, the Court finds that it may be appropriate to de-designate certain AEO documents <u>with redactions</u> to all information that may identify any third parties. Without having the documents at issue before the Court, the Court cannot determine whether all 247 documents should be de-designated, or to what extent the documents should be redacted.

The Parties are ORDERED to meet and confer to discuss the timing and procedure for exchanging redacted documents based on the Court's ruling above. Any dispute regarding the redactions should be brought before Judge Cousins, however the Court instructs the parties to endeavor to resolve disputes over this issue on their own.

**IT IS SO ORDERED.**

Dated: July 26, 2024

_____
EDWARD J. DAVILA
United States District Judge

---

[1] Civil Local Rule 7-9 typically "does not apply to motions for reconsideration of a Magistrate Judge's order." Nevertheless, the Court finds the procedure appropriate under this specific circumstance.