**DLA PIPER LLP (US)**
TROY A. VALDEZ (SBN 191478)
troy.valdez@us.dlapiper.com
TOM LIN (SBN 319911)
tom.lin@us.dlapiper.com
EMILY R. MARGOLIS (SBN 324089)
emily.margolis@us.dlapiper.com
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel.:   415.836.2500
Fax:   415.836.2501

**DLA PIPER LLP (US)**
JOHN SAMUEL GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-4735
Tel.:   310.595.3000
Fax:   310.595.3300

**DLA PIPER LLP (US)**
JULIE G. COOKER (SBN 319530)
julie.cooker@us.dlapiper.com
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel.:   858.677.1400
Fax:   858.677.1401

**DLA PIPER LLP (US)**
MICHAEL D. HYNES (*Pro hac vice forthcoming*)
michael.hynes@us.dlapiper.com
ALICE GYAMFI (*Pro hac vice forthcoming*)
alice.gyamfi@us.dlapiper.com
1251 Avenue of the Americas, Suite 2700
New York, NY 10020-1104
Tel.:   212.335.4500
Fax:   212.335.4501

**DLA PIPER LLP (US)**
ELLEN E. DEW (*Admitted Pro hac vice*)
ellen.dew@us.dlapiper.com
MEAGAN PACE (*Pro hac vice forthcoming*)
meagan.pace@us.dlapiper.com
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202-4576
Tel.:   410.580.3000
Fax:   415.580.3001

**DLA PIPER LLP (US)**
STEPHEN BARRETT (*Pro hac vice forthcoming*)
stephen.barrett@us.dlapiper.com
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
Tel.:   215.656.3300
Fax:   215.656.3301

Attorneys for Plaintiff/Defendant
WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE

| | |
|---|---|
| SANDRA OLSON, and GLOBAL FINANCIAL IMPACT, LLC<br><br>Plaintiffs,<br><br>v.<br><br>WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Consolidated Case No.  5:24-cv-00477-EJD<br><br>(Assigned to Hon. Edward J. Davila)<br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Civil Local Rule 72-2, Plaintiff World Financial Group Insurance Agency, LLC ("WFGIA") submits its limited objection and Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge regarding Hon. Nathanael M. Cousins' July 29, 2024 Order (the "Order"). No. 5:24-cv-00480 ECF 214. The Motion seeks relief from the Order insofar as it held, as it relates to the Olsons' assertion of the marital communications privilege, (1) that "no exception applies" and (2) that the Olsons did not waive the privilege by selectively disclosing their communications throughout this litigation. The Order is clearly erroneous as the Olsons' communications were made in furtherance of a fraudulent scheme, thus making the crime-fraud exception to privilege applicable, and they waived the marital communications privilege throughout this litigation. WFGIA thus seeks an order modifying these two aspects of the Order and requiring that the Olsons produce communications related to this litigation and their ongoing scheme to appropriate WFGIA's confidential information and engage in unfair competition.

**PRELIMINARY STATEMENT**

To thwart WFGIA's collection of information to support a preliminary injunction motion, the Olsons have attempted to conceal documents that evidence how they misappropriated WFGIA's confidential information and engaged in unfair competition in forming their competitor company, Global Financial Impact, LLC ("GFI"). They have done so in three ways, by: (1) marking hundreds of documents as "Attorneys' Eyes Only" (AEO), (2) withholding documents based on a date-range restriction that excludes the key time period during which the Olsons executed their misappropriation scheme, and (3) asserting the marital privilege selectively. The Court's Order on WFGIA's previous Motion for Relief, No. 5:24-cv-00480 ECF 186, resolved WFGIA's concerns as to the first two issues by (1) requiring the Olsons to de-designate hundreds of (appropriately redacted) documents they previously designated as AEO, and (2) allowing WFGIA to file a motion for leave to file a motion for reconsideration with Magistrate Judge Cousins regarding the date-range issue based on new evidence. ECF 69. WFGIA now asks the Court to resolve WFGIA's concerns regarding the third issue: the Olsons' improper use of the marital communications privilege to conceal inculpatory documents.

1       The Olsons' amended privilege log reflects nine "marital communications" and 98 undescribed "images" attached to those communications between January 29 and March 4, 2024. WFGIA has no interest in obtaining private communications between spouses relating to personal or familial matters. WFGIA seeks responsive communications between GFI's only two employees, Eric Olson ("Mr. Olson") and Sandra Olson ("Mrs. Olson"). These communications are not subject to the marital communications privilege because (1) they constitute part of the fraudulent scheme and unfair competition that the Olsons have perpetuated, and (2) the Olsons expressly and implicitly waived them throughout this litigation.

The Parties were unable to reach an agreement after meet-and-confers on this issue. So, on July 9, 2024, WFGIA submitted a discovery dispute letter to Judge Cousins. WFGIA asserted that the marital communications privilege did not apply to the Olsons' communications because, *inter alia*, the crime-fraud exception applies and the Olsons had waived the privilege by selectively disclosing their business communications throughout this litigation. No. 5:24-cv-00480 ECF 197. At a July 10, 2024 discovery conference, Magistrate Judge Cousins set a briefing schedule and a July 31, 2024 discovery dispute hearing. No. 5:24-cv-00480 ECF 199. The Olsons opposed WFGIA's letter on July 15, 2024. No. 5:24-cv-00480 ECF 206. WFGIA submitted its Reply on July 22, 2024. ECF 60. On July 29, 2024, Magistrate Judge Cousins denied WFGIA's request. No. 5:24-cv-00480 ECF 214. At the July 31 hearing, WFGIA offered to present, but Judge Cousins denied, oral argument on the issue. ECF 80, Tr. 5:14-22.

In his Order, Judge Cousins held that (1) "no exception applies" and (2) the Olsons did not waive the marital communications privilege because Mrs. Olson's disclosures in her January 31, 2024 declaration and Mr. Olson's testimony in his deposition were not "wide enough in scope and deep enough in substance to constitute a significant part of the communication." Order at 2 (internal quotation marks and citation omitted). WFGIA objects to these two aspects of the Order and requests that the Court order the Olsons to produce responsive, non-familial communications. In the alternative, WFGIA requests that the Court conduct *in camera* review of the communications in question to identify documents that directly relate to WFGIA's claim for a preliminary injunction versus those that involve strictly familial matters.

- 2 -
MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

**ARGUMENT**

FRCP 72(a), which governs the Court's review of the Order, provides that: "The district judge to whom the case is assigned … shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." An Order is clearly erroneous if the District Court has a "definite and firm conviction that a mistake has been committed." *Aavid Thermalloy LLC v. Cooler Master Co.*, 2018 WL 11348437, at *2 (N.D. Cal. July 18, 2018) (citation omitted). Under this standard, the Order is clearly erroneous and should be modified for two reasons.

**(1) The Olsons Are Using the Marital Communications Privilege as a Sword to Further Their Fraudulent Scheme.**

California law recognizes a crime-fraud exception to the marital communications privilege. Cal. Evid. Code. § 981 ("There is no privilege under this article if the communication was made, in whole or in part, to enable or aid anyone to commit a crime *or* a fraud.") (emphasis added). While Judge Cousins acknowledged this exception in his Order, he did not address it, despite the fact that WFGIA raised the crime-fraud exception in its initial discovery dispute letter. *See* No. 5:24-cv-00480 ECF 197 at 2. However, the crime-fraud exception to the marital communications privilege is well established under California law. The Law Revision Commission Comments for § 981 state that this exception would not "seem so broad that it would impair the values that the privilege is intended to preserve" and that "the evidence which would be admissible under this exception will be vital in order to do justice between the parties to a lawsuit." To establish the crime-fraud exception, the moving party must demonstrate "(1) a misrepresentation of material fact, (2) knowledge of the representation's falsity, (3) intent to deceive, and (4) the right to rely on the representation." *Cunningham v. Connecticut Mut. Life Ins.*, 845 F. Supp. 1403, 1412 (S.D. Cal. 1994) (applying the crime-fraud exception under California law to attorney-client privileged documents used in furtherance of civil fraud). In its discretion, the Court may conduct *in camera review* of the documents to resolve whether they fall within the crime-fraud exception. *See* ECF 60 at 2.

In its initial discovery dispute letter, 5:24-cv-00480 ECF 197 at 2, WFGIA argued that while the Olsons have not been charged with a crime, they have conspired to orchestrate the unlawful

1  scheme described in WFGIA's pleadings. WFGIA argued further that the Olsons are now colluding
2  to prevent WFGIA from obtaining the relevant evidence it needs to demonstrate its likelihood of
3  success on the merits (of both its breach of contract claim and UCL claim, which includes a
4  fraudulent prong), and thus its ability to obtain a preliminary injunction. *Id.* The Olsons' scheme
5  involves carrying out the anchor leg strategy, in which one agent spouse leaves WFGIA for GFI
6  while the remaining spouse continues to collect compensation from WFGIA, encourages WFGIA
7  agents to transfer to GFI, and ferries WFGIA's confidential information to the Olsons. It also
8  involves the Olsons soliciting active WFGIA agents to log into the MyWFG portal and provide the
9  Olsons with WFGIA's confidential information. Ex. A, July 11, 2024 Deposition of Eric Olson, Tr.
10 241:21-242:21, 253:20-256:21; *see also* Ex. B, OLSON00012199; Ex. C, OLSON00012523.
11 Moreover, the Olsons have repeatedly spread misinformation regarding WFGIA in order to solicit
12 current WFGIA agents to move to GFI. The communications between Mr. and Mrs. Olson are
13 central to this fraudulent scheme and thus directly relevant to WFGIA's breach of contract and UCL
14 claims against the Olsons. This activity satisfies the threshold showing for the crime-fraud
15 exception. Moreover, to the extent that any of the "marital communications" involve discussions
16 of WFGIA's confidential information, the "in confidence" presumption does not apply, as the
17 Olsons sought to use this information to form GFI.

18 **(2) The Olsons Waived the Marital Communications Privilege.**

19 In addition, the Olsons have expressly and implicitly waived the marital communications
20 privilege by selectively disclosing a significant part of their communications and putting those
21 communications at issue throughout this litigation. Under California law, privilege may be
22 expressly or impliedly waived. Express waiver is governed by Cal. Evid. Code § 912(a), which
23 states that a privilege is waived "if any holder of the privilege, without coercion, has disclosed a
24 significant part of the communication or has consented to disclosure made by anyone." Disclosing
25 one portion of a conversation waives the privilege as to the entire subject matter of that conversation.
26 *See K.J.P. v. Cnty. of San Diego*, 2017 WL 3288464, at *4 (S.D. Cal. Aug. 2, 2017) (partial
27 disclosure of a conversation waived the marital communications privilege as to "the entire subject"
28 disclosed, not just "the part of the conversation or that particular time the subject was discussed")

1  (cleaned up).  Judge Cousins found that the Olsons had not explicitly waived the marital
2  communications privilege because their disclosures did not constitute "a significant part of the
3  communication."  Order at 2 (citation omitted).  However, this finding is factually erroneous.  The
4  Olsons waived the marital communications privilege by disclosing significant portions of their
5  communications.  For example, throughout his deposition on July 11, 2024, Mr. Olson testified that
6  that he learned of many critical aspects of GFI from his wife, Mrs. Olson.  *See, e.g.,* Ex. A, 52:3-5,
7  60:8-9.  In addition, Mr. Olson testified that one of his interrogatory answers was based entirely on
8  information he received from Mrs. Olson.  Ex. A, 40:8-44:12, 47:10-14.  The interrogatory asks for
9  details regarding the confidential information Mr. Olson retained since leaving WFGIA and any
10 person with whom he has shared WFGIA's confidential information.  By discussing the
11 interrogatory and then disclosing in Mr. Olsons' response information that he learned from his wife,
12 both spouses consented to and did disclose a "significant part of the communication," explicitly
13 waiving the marital communications privilege.
14 　　　　Explicit waiver notwithstanding, Judge Cousins failed to address implicit waiver.  California
15 courts also recognize a non-statutory implied waiver of privilege when the privileged information
16 is placed directly at issue in the litigation and its disclosure is essential to fair adjudication.  *S. Cal.*
17 *Gas Co. v. Pub. Utilities Com.*, 50 Cal. 3d 31, 40 (1990).  Here, the Olsons implicitly waived the
18 marital communications privilege by placing their business communications directly at issue.
19 WFGIA alleges that the Olsons stole confidential information to form GFI, including information
20 related to compensation and hierarchy structure.  Mr. Olson's testimony regarding compensation
21 reveals that such information came from his wife, putting their marital communications directly at
22 issue with respect to when the Olsons misappropriated this information.  Ex. A, 52:3-5.  This
23 constitutes implicit waiver, and disclosure of these documents is essential to the fair adjudication of
24 the case, as they directly relate to WFGIA's preliminary injunction request.

25                                            **CONCLUSION**

26 　　　　For the foregoing reasons, the Court should sustain WFGIA's objection and order the Olsons
27 to produce the communications in question.  Alternatively, the Court should conduct *in camera*
28 review to identify documents that directly relate to this litigation.

Dated: August 12, 2024

Respectfully submitted,

**DLA PIPER LLP (US)**

By:   */s/ John Samuel Gibson*
     JOHN SAMUEL GIBSON
     TROY A. VALDEZ
     JULIE G. COOKER
     TOM LIN
     EMILY R. MARGOLIS
     ELLEN E. DEW (*Admitted pro hac vice*)
     MICHAEL D. HYNES (*Pro hac vice forthcoming*)
     MEAGAN PACE (*Pro hac vice forthcoming*)
     ALICE GYAMFI (*Pro hac vice forthcoming*)
     STEPHEN BARRETT (*Pro hac vice forthcoming*)

     Attorneys for Plaintiff and Defendant
     WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC