UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA OLSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC, et al.,<br><br>Defendants. | Case No.   24-cv-00477-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF No. 86 |

On August 12, 2024, World Financial Group Insurance Agency, LLC ("WFG") filed a Motion for Relief from the Nondispositive Pretrial Order of Judge Nathanael Cousins' July 29, 2024, Order ("Order"). ECF No. 86 ("Motion" or "Mot."). The Motion seeks relief from the Order insofar as it held, as it relates to the Olsons' assertion of the marital communications privilege, (1) that "no exception applies" and (2) that the Olsons did not waive the privilege. Mot. 1. On August 16, 2024, the Court ordered the Olsons to provide the contested documents to the Court for an *in camera* review. ECF No. 88.

California law recognizes two marital privileges: the testimonial privilege and the communications privilege. At issue here is the marital communications privilege. A spouse may prevent the disclosure of confidential communications made between spouses during the marriage. Cal. Evid. Code, § 980. Since "[t]he privileges set out in the Evidence Code are legislative creations[,] the courts of this state have no power to expand them or to recognize implied exceptions." *Wells Fargo Bank v. Super. Ct.*, 22 Cal. 4th 201, 206 (2000); *see also People v. Barefield*, 68 Cal. App. 5th 890, 902 (2021) ("Because the statutory language of the marital

Case No.: 24-cv-00477-EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
1

privilege and its exceptions is clear, and because we have no authority to imply the existence of an additional exception to the privilege, we must hold that M.W.'s claim of marital privilege was lawful").

WFG argues that the crime-fraud exception applies because the Olsons "have conspired to orchestrate the unlawful scheme described in WFGIA's pleadings." Mot. 3–4. "The court in its discretion may conduct an *in camera* review of privileged communications to resolve whether they fall within the crime-fraud exception." *Cunningham v. Conn. Mut. Life Ins.*, 845 F. Supp. 1403, 1413 (S.D. Cal. 1994).

Following an *in camera* review of the privileged communications, the Court declines to find that they fall within the crime-fraud exception. Regarding waiver, Judge Cousins concluded that the Olsons did not waive the marital communications privilege because Ms. Olson's disclosures in her January 31, 2024, declaration and Mr. Olson's testimony in his deposition were not "wide enough in scope and deep enough in substance to constitute a significant part of the communication." Order 2. This finding was neither clearly erroneous nor contrary to law.

Accordingly, WFG's motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 27, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 24-cv-00477-EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
2