UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA OLSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC, <br><br> Defendant. | Case No. 5:24-cv-00477-EJD <br><br> **ORDER REGARDING SEALING MOTIONS** <br><br> Re: ECF Nos. 268, 270, 288, 297, 301, 305, 306, 313, 326, 338, 343, 353 |

Before the Court are twelve administrative motions to file under seal and to consider whether another party's materials should be sealed brought by the parties, Global Financial Impact, LLC ("GFI" or "Plaintiff") and World Financial Group Insurance Agency, LLC ("WFG" or "Defendant"). ECF Nos. 268, 270, 288, 297, 301, 305, 306, 313, 326, 338, 343, 353.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). "A particularized showing of

United States District Court <br> Northern District of California

good cause is required to seal documents related to non-dispositive motions." *DZ Rsrv v. Facebook, Inc.*, No. 3:18-cv-04978-JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021) (citing *Kamakana*, 447 F.3d at 1179–80).

A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Having considered the motions to seal, supporting declarations, and all other documents on file, the Court ORDERS as follows:

| ECF No. | Court's Ruling |
|---|---|
| 268 & 270 | **DENIED**. WFG did not file a statement in support of sealing the information in Exhibit 1 to the Supplemental Status Report (ECF No. 268-2, *see also* ECF No. 270-3, which appears identical), as required by Civil L.R. 79-5(f) to maintain the document under seal. |
| 288 | **DENIED**. GFI has not demonstrated good cause for the information in Exhibit A to WFGIA's January 14, 2026, Status Report (ECF No. 285-1) to be sealed. The information GFI seeks to seal does not reflect, for example, trade secrets, marketing strategies, product development plans, product-specific financial information, or internal reports. *See In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021). |
| 297 | **DENIED** as to:<br>• WFGIA's Response to GFI's Motion for Voluntary Dismissal (ECF No. 296) because GFI seeks continued sealing of certain pages and line numbers where the text refers to, or describes, information designated by GFI, the Olsons, or other third parties as highly confidential or confidential. *See* ECF No. 303, at 6. The Court finds that GFI's Response in support of continued sealing of the referenced documents does not establish compelling reasons, or alternatively, good cause, for continued sealing and/or that a less restrictive alternative is sufficient, as detailed |

United States District Court
Northern District of California

below.

- Exhibit 6 to the Cooker Declaration in Support of WFG's Response to GFI's Motion for Voluntary Dismissal (GFI00001145) for the reasons set forth in WFG's Opposition to GFI's Response (ECF No. 307).  However, the Court recognizes that this document contains discussion of future business plans that may be appropriately sealed and grants GFI leave to refile this document with more narrowly tailored redactions.

- Exhibits 7 (F&G 00058–60) and 8 (F&G 00125–30) to the Cooker Declaration in Support of WFG's Response to GFI's Motion for Voluntary Dismissal for the reasons set forth in WFG's Opposition to GFI's Response (ECF No. 307).  The Court finds that these documents do not contain the types of information that warrant wholesale sealing, especially where, as here, the non-parties that designated the materials as confidential did not pursue sealing after being notified of WFG's filing of these documents.  *See e.g.*, *Pampena v. Musk*, No. 22-cv-05937-CRB (DMR), 2025 WL 2224423, at *1 (N.D. Cal. Aug. 5, 2025).

- Exhibit 9 to the Cooker Declaration in Support of WFG's Response to GFI's Motion for Voluntary Dismissal (ATHENE000308–09) for the reasons set forth immediately above.  However, the Court recognizes that portions of this document may contain information relating to the sales volume that GFI sold with a provider or individual compensation amounts that may be appropriately sealed and grants GFI leave to refile this document with more narrowly tailored redactions.

| | |
|---|---|
| 301 | **DENIED** for the reasons set forth in WFG's Opposition to GFI's Response (ECF No. 311).  However, the Court (and WFG) recognizes that portions of Exhibit 13 to the Cooker Declaration in Support of WFG's Motion for Rule 37 Sanctions (ECF No. 300-14) may contain information relating to the sales volume that GFI |

Case No. 5:24-cv-00477-EJD
ORDER REGARDING SEALING MOTIONS

3

United States District Court
Northern District of California

| | |
|---|---|
| | sold with a provider or individual compensation amounts that may be appropriately sealed and grants GFI leave to refile this document with more narrowly tailored redactions. |
| 305 | **GRANTED IN PART, DENIED IN PART**, as set forth below: <br><br> **DENIED** as to: <br><br> • GFI's Reply in Support of its Motion for Voluntary Dismissal ( ECF No. 304).  Neither WFG nor the third parties who have designated the information or documents to which GFI's Reply brief refers have sought continued sealing of these materials as required by Civil L.R. 79-5(f). <br><br> • Exhibit 1 to the Borden Declaration in Support of GFI's Reply in Support of its Motion for Voluntary Dismissal (WFGIA 0000002393) because WFG, the designating party, did not file a response to GFI's Administrative Motion as required for continued sealing pursuant to Civil L.R. 79-5(f). <br><br> **GRANTED** as to: <br><br> • Exhibits 2–5, 8, 12–16, and 18 to the Borden Declaration in Support of GFI's Reply in Support of its Motion for Voluntary Dismissal as to the phone numbers of the nonparties on each page as set forth in Mr. Charlier's Response to GFI's Administrative Motion (ECF No. 309). |
| 306 | **GRANTED IN PART, DENIED IN PART**, as set forth below: <br><br> **DENIED** as to: <br><br> • Exhibits 10 (GFI00001283) and 11 (GFI00001301) to the Borden Declaration in Support of GFI's Reply in Support of its Motion for Voluntary Dismissal (ECF Nos. 304-11–12) because these documents do not reflect competitive business information, details of contractual obligations between Plaintiff and a third-party insurance provider, financial information, or other types of information properly subject to |

Case No. 5:24-cv-00477-EJD
ORDER REGARDING SEALING MOTIONS

| | |
|---|---|
| | continued sealing. |
| | • Exhibit 17 to the Borden Declaration in Support of GFI's Reply in Support of its Motion for Voluntary Dismissal (WFGIA000001229). However, the Court recognizes that this document contains discussion of future business plans that may be appropriately sealed and grants GFI leave to refile this document with more narrowly tailored redactions. |
| | **GRANTED** as to: |
| | • Exhibits 3, 5, 6, and 9 to the Borden Declaration in Support of GFI's Reply in Support of its Motion for Voluntary Dismissal for the reasons set forth in GFI's administrative motion to file under seal (ECF No. 306). |
| 313 | **DENIED** as to: |
| | • WFG's Motion for Sanctions (ECF No. 312) because the Court finds that the portions of WFG's Motion over which GFI seeks continued sealing do not reflect competitively sensitive information, contrary to GFI's assertion. *See* GFI Response, ECF No. 323. Further, none of the non-parties that designated the referenced materials confidential seek continued sealing of the underlying documents. GFI is reminded that, per Civil L.R. 79-5(c), "reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." |
| | • Exhibits 5–6 and 8 to the Hynes Declaration in Support of WFG's Motion for Sanctions for the reasons discussed in WFG's Opposition to GFI's Response (ECF No. 328). |
| | • Exhibit 7 to the Hynes Declaration for the reasons discussed in WFG's Opposition to GFI's Response (ECF No. 328) and above as to Exhibit 9 to the Cooker Declaration in Support of WFG's Response to GFI's Motion for Voluntary Dismissal (ATHENE000308–09). However, the Court |

United States District Court
Northern District of California

Case No. 5:24-cv-00477-EJD
ORDER REGARDING SEALING MOTIONS

recognizes that portions of this document may contain information relating to the sales volume that GFI sold with a provider or individual compensation amounts that may be appropriately sealed and grants GFI leave to propose more narrowly tailored redactions.

- Exhibit 9 to the Hynes Declaration for the reasons discussed in WFG's Opposition to GFI's Response (ECF No. 328) and above as to Exhibit 6 to the Cooker Declaration in Support of WFG's Response to GFI's Motion for Voluntary Dismissal (GFI00001145).

- Exhibits 10–14 to the Hynes Declaration because, contrary to GFI's assertion, these documents do not reflect competitively sensitive information as to the relationship between GFI and NLG.  Rather, these documents convey NLG's termination of contracts and agreements with GFI and its agents, or otherwise discuss NLG's internal perception of GFI's business tactics.  As WFG notes, "[e]ven the non-parties who produced the documents at issue are not seeking to keep the documents under seal."  ECF No. 328 at 4.  These documents were designated confidential by National Life Group which did not file a response to the administrative motion seeking continued sealing of these documents.

- Exhibit 15 to the Hynes Declaration for the reasons set forth in WFG's Opposition to GFI's Response (ECF No. 328) and because Athene, the designating party, has not sought continued sealing of this document.

- Exhibit 16 to the Hynes Declaration for the reasons set forth in WFG's Opposition to GFI's Response (ECF No. 328).  However, the Court recognizes that portions of this document may contain information relating to the specific insurance policies sold by GFI agents.  The Court grants GFI leave to propose more narrowly tailored redactions to this document.

- Exhibit 22 to the Hynes Declaration, because, although GFI states that this

Case No. 5:24-cv-00477-EJD
ORDER REGARDING SEALING MOTIONS

6

United States District Court
Northern District of California

| | |
|---|---|
| | document contains "competitively sensitive information concerning the provider's relationship with GFI," the email reflects a list of "wishes" from Mr. Olson to NLG leadership.  Nonetheless, the Court grants GFI leave to propose more narrowly tailored redactions to this document to the extent it believes the type of information properly subject to sealing (*e.g.*, trade secrets, information about royalty structures, payment terms, minimum purchase requirements) is referenced in this communication.<br>• Exhibit 23 to the Hynes Declaration because GFI has not proposed narrowly tailored redactions or explained why a less restrictive alternative to sealing is not sufficient.  The Court grants GFI leave to propose more narrowly tailored redactions to this document.<br>• Exhibits 21 and 24 to the Hynes Declaration because GFI has not sought continued sealing of these documents. |
| 326 | **GRANTED IN PART, DENIED IN PART**, as set forth below:<br>**GRANTED** as to:<br>• Exhibit 32 to the Borden Declaration in Support of GFI's Opposition (ECF No. 325-32) for the reasons set forth in WFG's Response to GFI's Administrative Motion (ECF No. 330).<br>• Exhibits 1–7, 9–10 as to the information set forth in Mr. Charlier's Response to GFI's Administrative Motion (ECF No. 333), for the reasons stated therein.<br>**DENIED** as to GFI's Opposition to WFG's Motion for Sanctions (ECF No. 324) and Exhibit 8 to the Borden Declaration (ECF No. 325-8) because WFG has not sought continued sealing of this information. |
| 338 | **GRANTED** as to:<br>• Exhibits 27–30 to the Borden Declaration in Support of GFI's Opposition (ECF Nos. 338-22–25, 338-13) for the reasons set forth in WFG's |

Case No. 5:24-cv-00477-EJD
ORDER REGARDING SEALING MOTIONS

United States District Court
Northern District of California

| | |
|---|---|
| | Response (ECF No. 339). |
| | • Exhibit 16 to the Borden Declaration in Support of GFI's Opposition (ECF Nos. 338-13) as to the third sentence of Mr. Buchanan's message at 20:24 for the reasons set forth in WFG's Response (ECF No. 339). |
| | • Exhibits 1, 3–7, 13–15, and 18 of the Borden Declaration in Support of GFI's Opposition as to the nonparty phone numbers and email addresses as reflected in Exhibit A to Mr. Charlier's Response to GFI's Administrative Motion (ECF No. 340). |
| | **DENIED** as to GFI's Opposition to WFG's Motion for Sanctions under Rule 37, as well as Exhibits 10 and 20–26 to the Borden Declaration in Support of GFI's Opposition because WFG, the designating party, has not sought continued sealing of these documents or this information. *See* WFG Response, ECF No. 339. |
| 343 | **DENIED** because the Court has concluded that the documents referenced on page 9 of WFG's Reply should not be sealed. *See supra* discussion of ECF No. 313. |
| 353 | **GRANTED** as to the page and line numbers set forth in GFI's Response to WFG's Administrative Motion (ECF No. 355), for the reasons set forth therein. |

To the extent that it is not already on the docket, the parties must publicly file any information not identified to remain under seal in the Court's rulings above within 14 days of this Order. If the Court has granted a party leave to re-file a document with more appropriately tailored redactions, the party must do so within 7 days; any such documents should remain provisionally sealed in their entirety until the Court has issued an order on the re-filed sealing proposals.

**IT IS SO ORDERED.**

Dated: June 29, 2026

EDWARD J. DAVILA
United States District Judge

Case No. 5:24-cv-00477-EJD
ORDER REGARDING SEALING MOTIONS

8